UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ARTHUR WITTENBERG, *also known as*, ARTHUR OF THE WITTENBERG FAMILY <br>   Plaintiff, <br> <br> v. <br> <br> FLAGSTAR BANK, N.A., JAMES K. CIROLI, <br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> C.A. No. 23-cv-00490-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Plaintiff Arthur Wittenberg sues to quiet title to real property he claims to own in Warwick, Rhode Island. Defendants Flagstar Bank, ("Flagstar") and James K. Ciroli, move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 6.) Mr. Wittenberg moves for either default judgment or summary judgment—his motion is unclear as to which. (ECF No. 10.)

For the following reasons, the defendants' Motion for Judgment on the Pleadings is GRANTED and the plaintiff's motion is DENIED.

I.   BACKGROUND

Mr. Wittenberg alleges that on August 21, 2019, he mailed three silver coins worth $3, and a $234,500 check marked "Credit Only" to James K. Ciroli, the Chief Financial Officer of Flagstar Bank. The silver coins and the ambiguously marked check were intended to serve as tender of payment on a promissory note secured by

a mortgage encumbering real property in Warwick, Rhode Island. Mr. Wittenberg had no prior relationship with the Warwick property or the mortgage.

As of September 13, 2019, Mr. Ciroli had not communicated with Mr. Wittenberg about his "tender" or returned the silver coins. Because Mr. Ciroli did not contact Mr. Wittenberg or return the silver coins, Mr. Wittenberg alleges that the tender was "accepted and the amount of silver coin … satisfied and extinguished" the mortgage obligation. (ECF No. 1 at 14.) Mr. Wittenberg now sues to quiet title in the related real property claiming he is the legal owner. *Id.*

The defendants, Flagstar and Mr. Ciroli, argue that Mr. Wittenberg has failed to state a facially plausible legal claim and move for judgment on the pleadings. (ECF No. 6). Mr. Wittenberg moves for "default pursuant to Rule 56(c)(2)(3)(4)," alleging that the defendants "failed to respond" to the lawsuit. (ECF No. 10.) He requests that this Court "discharge the alleged debt and provide plaintiff with clear title to the property." *Id.*

## II. DISCUSSION

When reviewing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the district court must accept all the nonmoving party's well-pled factual averments as true and draw all reasonable inferences in his favor. *Rivera–Gomez v. Adolfo de Castro*, 843 F.2d 631, 635 (1st Cir.1988). Dismissal of a complaint pursuant to Rule 12(c) is appropriate only when it appears beyond a doubt that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief. *Int'l Paper Co. v. Town of Jay*, 928 F.2d 480, 482 (1st Cir. 1991).

Accepting all of Mr. Wittenberg's well-pled factual averments as true and drawing all reasonable inferences in his favor, Mr. Wittenberg fails to state a claim which would entitle him to relief. Mr. Wittenberg's claim relies on Rhode Island General Laws § 6A-3-603(b) to assert that he is the rightful owner of the real property in Warwick. That statute provides: "If *tender of payment* of an obligation to pay an instrument is made to a person entitled to enforce the instrument *and the tender is refused*, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates." R.I.G.L. § 6A-3-603(b) (emphasis added). Mr. Wittenberg argues that the check and silver coins he mailed to Mr. Ciroli were "tender of payment," and that Mr. Ciroli "refused" the tender. According to Mr. Wittenberg, it follows that the debt is now "discharged," and that he is the legal owner of the property free and clear of any encumbrance. That is not the case.

The check and silver coins Mr. Wittenberg mailed to Mr. Ciroli were not "tender of payment." Mr. Wittenberg undisputedly crossed out the "pay to the order of" line on the check and replaced it with "Credit Only." Because the check did not order any actual payment, it was not "tender of payment." The silver coins worth $3 did not constitute tender of payment because they were not cash, check, money order, or even U.S. currency as required in the note. Even if the coins did constitute tender, which they did not, the note was for $234,500—the coins were plainly insufficient to extinguish the debt. Because Mr. Wittenberg fails to state a facially plausible claim

3

that he "tendered payment" on the note, the defendants' Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED.

Mr. Wittenberg's motion for "default pursuant to Rule 56(c)(2)(3)(4)" commingles the standards for summary judgment and default judgment. (ECF No. 10). Whether it is a motion for summary judgment or a motion for default judgment, Mr. Wittenberg's motion is DENIED because the defendants have not "failed to plead or otherwise defend" this action and because Mr. Wittenberg has not shown—for the reasons stated above—that he is entitled to judgment as a matter of law on the undisputed facts. Fed. R. Civ. P. 55; Fed. R. Civ. P. 56.

### III. CONCLUSION

Because Mr. Wittenberg failed to state a facially plausible legal claim that he has any entitlement to the Warwick property, the defendants' Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED. The plaintiff's motion (ECF No. 10) is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
May 13, 2024

4